AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| CENK KESKIN | ) | 6:17-mj- *1166* |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ See, Offense Description _____ in the county of _____ Orange _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) | On or about November 6, 2016, November 17, 2016, and November 23, 2016, Cenk KESKIN received child pornography, and on or about February 27, 2017, Cenk KESKIN possessed child pornography. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Rodney Hyre, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___2/27/17___

_____
*Judge's signature*

City and state: _____ Orlando, Florida _____      GREGORY J. KELLY, U.S. Magistrate Judge
*Printed name and title*

equipment, software, and electronically stored information.

3.     This affidavit is submitted in support of a criminal complaint

against CENK KESKIN for violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1)

(receipt of child pornography) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (possession of child pornography). As set forth in more detail below, I believe there is probable cause that on or about November 6, 2016, November 17, 2016, and November 23, 2016, in Orange County, CENK KESKIN received child pornography and on or about February 27, 2017, in Orange County, Florida, CENK KESKIN possessed child pornography.

4.　　I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from other law enforcement officers, information from agency reports, and the review of documents provided to me by these witnesses and law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

## STATUTORY AUTHORITY

5.　　Title 18, United States Code, Section 2252A prohibits a person from knowingly transporting, shipping, receiving, distributing, or possessing any child pornography, as defined in 18 U.S.C.§ 2256(8), using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

2

## DETAILS OF THE INVESTIGATION

6.      Between January 10, 2017, at 1:30 p.m. and January 11, 2017, at 2:56 a.m., Detective Sean Walsh (Walsh), utilizing a peer-to-peer (P2P) file sharing program known as Bittorrent Roundup, completed a single source download from a computer assigned IP address 71.49.234.54 of four files that were made available by said IP address for distribution.  Three of the files are described as follows:

- LolitasHouse_marina4_1 – An approximately 5-minute video showing a nude female child (approximately 7 to 9 years old) sitting with her legs spread open exposing her vagina.

- LolitasHouse_kristina2_2 – an approximately 4 1/2-minute video showing a nude female child (approximately 6 to 7 years old) sitting on a chair with her chest and vagina exposed.

- LolitasHouse - ScrtArea 018 Sasha2 Luba - an approximately 4 1/2-minute video showing two female children (approximately 7 to 11 years old) removing their clothing and sitting naked on each other while rubbing one another.

7.     A query of IP address 71.49.234.54 through the American Registry for Internet Numbers (ARIN) showed that I.P. address 71.49.234.54 was registered to Embarq Corporation (CenturyLink).   In response to a subpoena, Embarq Corporation (CenturyLink) provided the subscriber information for said IP address:

| | |
|---|---|
| Billing Name: | SK |
| Service Address: | xxx xxxx, Apopka, Florida 32703 |
| Service Establish Date: | 09/11/2008 to present |
| Secondary Contact: | SK xxx-xxx-xxxx |
| Billing Address: | xxx xxxx, Apopka, Florida 32703 |

8.     I checked through the Driver and Vehicle Identification Database (DAVID) and found that SK had the same residential address at xxx xxxx, Apopka, in Orange County, Florida.   I also found that CENK KESKIN (KESKIN) resides at this address.

9.     I also reviewed the files downloaded by Detective Walsh and believe, based on my training and experience, that the three aforementioned files are child pornography as defined in 18 U.S.C. § 2256.

10.     On February 22, 2017, I obtained a federal search warrant for the above mentioned address.   The search warrant was executed on February 27, 2017.

11.    On February 27, 2017, law enforcement officers and I contacted KESKIN at his residence.   During a voluntary non-custodial interview, KESKIN made the following statements: KESKIN admitted that he had been utilizing the Internet for the past 13 years to download and view child pornography.  KESKIN said that he looked at children as young as 3 years old, but did not like child pornography of children that young.  KESKIN aimed for child pornography images ranging in ages 8 and up and only liked child pornography of girls.   KESKIN masturbated while viewing child pornography.  KESKIN said he last viewed child pornography last week. KESKIN directed the agents to several items that he used to download and store his child pornography, including a Dell laptop computer, a Sony laptop computer, a thumb drive, and an external hard drive.  KESKIN indicated that his receipt of child pornography was primarily tied to his use of the P2P file sharing program, Bit Torrent.  KESKIN said that he knew he was possibly distributing child pornography while he was downloading child pornography, but did not like the fact that he was distributing child pornography.  KESKIN specifically mentioned watching the files being uploaded from his computer while he was downloading child pornography.

12.    KESKIN initially said that the viewing of child pornography was a victimless crime, but later said it was morally wrong and that he had tried to

stop several times in the last 13 years, but was unsuccessful in his attempts. KESKIN told investigators he would be able to stop viewing child pornography if he had no access to the Internet. KESKIN said he thought that his use of child pornography was a disease and that he badly needed help.

13.     KESKIN was advised of his *Miranda* rights which he waived. Thereafter, agents read to KESKIN a summary of the interview. KESKIN was given the opportunity to correct any statements he did not think accurately portrayed his statements. KESKIN agreed that the content of the interview was accurate.

14.     During the interview, a forensic computer examiner conducted a preliminary examination of KESKIN's Dell laptop computer. The preliminary examination showed that KESKIN had numerous videos and images of child pornography. I have reviewed some of the images and videos and found that there are possibly more than 10 videos and 100 images of child pornography, which were saved to KESKIN's computer. At least one of the images depicts an infant.

15.     Three of the videos recovered from KESKIN's Dell laptop computer and their receipt dates are described as follows:

- Lxxx xxx  - The video depicts an approximately 9-year-old female who is stripped naked by an adult male. The male

performs oral sex on the child and vaginally rapes the child in various positions. The video was downloaded on November 6, 2016, via the Internet.

- Kxxx fxxx AKA Vicky xxx: The video depicts an approximately 9-year-old female forced to perform oral sex on an adult male. The video was downloaded on November 17, 2016, via the Internet.

- Rxxx - The video depicts a prepubescent female being anally and vaginally penetrated by an adult male's penis. The male ejaculates on the child's vagina. The video was downloaded on November 23, 2016, via the Internet.

16. I believe, based on my training and experience, that all of these videos constitute child pornography, as defined in 18 U.S.C. § 2256. I also attest to the fact that the Dell laptop computer was manufactured in China.

17. Based on the above, I respectfully submit that there is probable cause to believe that on or about November 6, 2016, November 17, 2016, and November 23, 2016, in the Middle District of Florida, CENK KESKIN knowingly received child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). There is also probable cause that on or about February 27, 2017, in the Middle District of Florida, CENK KESKIN

knowingly possessed child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

_____
Rodney Hyre
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this 27th day of February, 2017.

_____
GREGORY J. KELLY
United States Magistrate Judge

8